### BYRD v. WEHRHAN et al.

(Court of Civil Appeals of Texas. Dallas. June 29, 1912. Rehearing Denied Oct. 12, 1912.)

JUDGMENT (§ 740*)—RES JUDICATA—SCOPE OF ISSUES.

A part of a judgment, not supported by any pleading in the case, was void, so that it could not be set up as a defense to a subsequent action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1268; Dec. Dig. § 740.*]

Appeal from District Court, Hunt County; C. L. Elder, Special Judge.

Action by Emma E. Wehrhan and others against T. E. Byrd. From a judgment for plaintiffs, defendant appeals. Affirmed.

Looney, Clark & Leddy, of Greenville, for appellant. W. B. Hamilton, guardian ad litem, of Greenville, for Ed Wehrhan. Thompson & Thompson, of Greenville, for appellees.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

RAINEY, J.  This is an action of trespass to try title, brought by appellee, for herself and as next friend for her children, Albert Becker, Henry Becker, and Elizabeth Wehrhan, against appellant, T. E. Byrd, to recover a lot in the town of Greenville, Tex.  Appellant answered by plea of not guilty and filed a cross-bill against plaintiffs, making Ed Wehrhan a party to the suit, and alleging that Ed Wehrhan was a nonresident and cited him by publication, and alleging, in substance, that Mrs. Elizabeth Wehrhan died in 1898, leaving a will by which she devised her home place to Ed Wehrhan and Emma Wehrhan and their children, to be used as a home; that, prior to her death, she executed a deed of trust to one Gish to a lot of land 96x100 feet to secure a note for $1,000, payable to one Royce, and she provided, further, that the balance of her property should go to her son Edward, whom she appointed sole executor, and that the balance so devised to Edward should first be appropriated to satisfy said note, if not paid at her death, and that no part of said home place should be sold for the payment of said debt; that Ed Wehrhan sold property other than the home place to A. O. and Lewis Horne, and to Mrs. A. S. Haislip, and appropriated the proceeds to his own use and failed to pay said indebtedness; that Glen A. Coulson became the owner of said debt and instituted suit against Edward Wehrhan and plaintiff herein to recover the said debt, and to foreclose said trust deed. A trial was had, and judgment rendered November 1, 1902, in favor of plaintiff against Ed Wehrhan for $600, and foreclosure of the lien on the property sold to A. O. and Lewis Horne and Mrs. A. S. Haislip, and that for the money they should pay in discharge of said judgment they should have foreclosure against other property belonging to the Wehrhan estate.  It was further decreed that plaintiffs were entitled, under the will, to a lot 144x112½ feet, which was included in the boundaries of the home place; that, in consideration of $400 paid on the judgment at the request of said Hornes and Mrs. Haislip, F. M. Newton became the owner of their rights and equities in said judgment, and was subrogated to all the rights and lien given by said judgment; that defendant was, for a valuable consideration paid to said Newton, subrogated to said judgment, etc.; and that said judgment be revived, and the land be sold for the satisfaction of same.

Plaintiff filed supplemental petition in answer to defendant's cross-bill, and alleged that Elizabeth Wehrhan had, during her lifetime, occupied the lot in controversy as her home, and designated it as her home place by way of distinguishing it from other houses owned by her in the city of Greenville; that Edward Wehrhan, during his lifetime, never set up any title to said land, but always admitted the ownership of plaintiff to same; that said trust deed only embraced 96x100 feet of one acre, which constituted the home place, and that the Coulson-Wehrhan suit only involved the 96x100 feet, and the title to the lot in controversy was not raised by the pleading in that suit, and said lot is free from any lien by reason of said trust deed, and said judgment did not, either expressly or by implication, subject the lot in controversy to any lien; that said Newton was a volunteer in paying off the judgment in cause No. 5,241, Coulson v. Wehrhan, and was not subrogated to any rights thereunder, and if he ever had any legal or equitable claim thereunder it is barred by the two and four year statutes of limitation; that Ed Wehrhan is dead, and he has not contributed any to the support of plaintiff since 1900; and that Elizabeth Wehrhan is the only surviving child and heir of Ed Wehrhan, and entitled to all the property held or owned by him.  Plaintiff further pleaded that the personal judgment in suit No. 5,241 in favor of said Hornes and Haislip against Ed Wehrhan for any money they might have to pay is void for want of jurisdiction, as he at that time was a resident of Missouri, and notice was served on him in the city of St. Louis, and he never appeared, either personally or by attorney; that said Hornes and Haislip filed no answer in said cause and asked for no judgment, and said entry was without any pleading to support it; that no execution could issue against the property of the estate of Elizabeth Wehrhan, as the time for taking administration had not expired, and said debt was not presented for allowance to the probate court; that the court had no authority to adjudge these plaintiffs the specified lot, as it had been willed to them, and there was no pleading authorizing it, and no agreement was binding on the minors.

Defendant, by supplemental answer, set up said judgment as res adjudicata; that it was rendered by a court of competent jurisdiction, etc.

A guardian ad litem was appointed to represent Ed Wehrhan, who answered, and that the judgment was not binding, as Ed Wehrhan was a nonresident, etc.

A trial resulted in a verdict and judgment for plaintiffs, and defendant appeals.

### Conclusions of Fact.

Mrs. Elizabeth Wehrhan was the owner of the land in controversy at her death, and is the common source of title.  She left one son, Edward Wehrhan, who was the husband of plaintiff Emma E. Wehrhan, and the father of plaintiff Elizabeth Wehrhan, the only issue of said Edward and Emma Wehrhan. Albert and Henry Becker are the children of Emma Wehrhan by a former marriage. At the time of Mrs. Elizabeth Wehrhan's death, her son Ed and the plaintiffs were living with her on her home place; the land in controversy being a part thereof.  During the lifetime of Mrs. Elizabeth Wehrhan, she

executed her note for $1,000 to Frank A. Royce, and to secure same she executed a deed of trust to one Gish, as trustee, on 96x100 feet of said home place, but not including the land in controversy. She died in 1898, leaving a will, which was duly probated. Said will provided:

"3rd. I desire that my daughter-in-law, Mrs. Emma E. Wehrhan, wife of my son, Edward Wehrhan, be always provided with a comfortable home for herself and her children, and for this purpose I give, bequeath and devise to my said daughter-in-law, Mrs. Emma E. Wehrhan, my home place situated in the city of Greenville, Hunt county, Texas, on the south side of West Lee street, same being a part of a lot purchased by my deceased husband from Mrs. Jane Wall and all improvements thereon, this being the two-story house used and occupied by me for the past several years. And further desiring that at the death of the said Emma E Wehrhan said property so bequeathed to her and described above shall become the property of the children of the said Emma E. Wehrhan, and that the same be used as a homestead for said children and their father, my son Edward Wehrhan, during his natural life, provided he is living at the death of the said Emma E. Wehrhan."

"5th. * * * I further desire and direct that if there is any indebtedness against the said home place bequeathed above to said Emma E. Wehrhan at my death, that said indebtedness be paid from the sale of some part of my other property bequeathed herein to my said son Edward Wehrhan, and that no part of said home place be sold for paying any such indebtedness, and that such indebtedness be discharged from sale of other property, and said home place be left clear and free from all debts to be used and enjoyed as above specified."

Said will appointed Ed Wehrhan sole executor, without bond, and devised to him all other property owned by her; and it further stipulated: "I further desire and direct that if there is any indebtedness against the said home place bequeathed above to said Emma E. Wehrhan at my death that said indebtedness be paid from the sale of some part of my other property bequeathed herein to my said son Edward Wehrhan, and that no part of said home place be sold for paying any such indebtedness, and that such indebtedness is discharged from sale of other property and said home place be left clear and free from all debt to be used and enjoyed as above specified."

After the death of Mrs. Elizabeth Wehrhan, Ed Wehrhan sold two lots of land, one to A. O. and Lewis Horne, and the other to Mrs. A. S. Haislip, and appropriated the proceeds to his own use, none of which was paid on the Royce note. Afterwards Glen A. Coulson, being the owner of the Royce note, brought suit on same, and to foreclose the trust deed, against Ed Wehrhan and the plaintiffs herein. Ed Wehrhan, who then resided in the city of St. Louis, Mo., was served with notice in said city, but never answered nor appeared by attorney. Plaintiff Emma Wehrhan answered, and made A. O. and Lewis Horne and Mrs. A. S. Haislip parties, and the children were represented in said suit by guardian ad litem. A judgment was rendered, decreeing that there was $600 due on the note; that the property sold to the said Hornes and Mrs. Haislip was worth the amount due on the note, and was chargeable with the payment of said debt and mortgage, and which was declared a lien and foreclosed on same; and that for whatever money was paid by said Hornes and Mrs. Haislip a lien was declared on all property now belonging to said estate, except that which is herein decreed to Emma Wehrhan and children, which is a lot 144x112½ feet, on which they were then living and in possession of, and other property now belonging to the said Emma Wehrhan and said minor plaintiffs. A personal judgment for the debt was rendered against Ed Wehrhan for the debt. Said judgment was transferred to F. M. Newton; he paying thereon $400, $200 paid at the request of Mrs. Haislip and $200 paid at the request of the Hornes. Newton conveyed the lot in controversy to Byrd, the defendant in this suit. On the margin of the record entry of said judgment is: "Received of A. O. Horne and Lewis Horne and Mrs. A. S. Haislip the sum of $600.00 in full of this judgment, except costs, this January 10th, 1903. Looney & Clark, Attorneys for Glen A. Coulson."

In June, 1899, Ed Wehrhan, having business in St. Louis, Mo., went there, leaving his wife and child in Texas. He never returned to Texas. His wife corresponded with him for about two years, when she procured a divorce, and the correspondence ceased. He never contributed anything to the support of his wife and child after he left Texas. The wife never heard directly from him any more. Soon after her correspondence ceased, she heard that he had been killed in a railroad wreck, and it was generally reported that he was dead.

### Conclusions of Law.

The appellees' counsel, in their brief, have presented conclusions of law which we think are justified under the evidence in the case, and we adopt the same, as follows:

"(1) That the land in controversy in this suit was a part of, and was embraced by, the lot designated in that portion of the will of the said Elizabeth Wehrhan, wherein she bequeathed to the appellees herein the property mentioned in said will as 'my home place.'

"(2) That the appellee Ed Wehrhan had died prior to the time of the filing of this suit, and that the appellee Elizabeth Wehrhan, his only heir, succeeded to all of his property rights.

"(3) That F. M. Newton, at the time he paid the $400 in settlement of the Coulson judgment in cause No. 5,241 (Coulson v. Wehrhan), had no such contract, express or implied, with Coulson, or with the Hornes and Haislip, as would entitle him to be subrogated to the rights of the said Hornes and Haislip given them in said judgment against the said Ed Wehrhan.

"(4) That in the purchase of the land in controversy in this suit by appellant, T. E. Byrd, from the said Newton no such contract was made or entered into as would entitle said appellant, Byrd, to claim subrogation to the judgment given in favor of the Hornes and Haislip in said cause No. 5,241, and therefore the said appellant, Byrd, had no right or ground for seeking the revival of the judgment in said cause No. 5,241 (Coulson v. Wehrhan), as set forth in the cross-bill herein filed by the said appellant.

"(5) That the portion of the judgment as set out in cause No. 5,241 (Coulson v. Wehrhan), wherein the court attempted to set out and describe the boundaries of the lot designated as 'my home place' in the will of Elizabeth Wehrhan, bequeathed to appellees herein, was without any pleadings in said cause to support or justify the same; and that therefore that portion of said judgment was void, not effective against plaintiff, and could not be urged as a defense against plaintiffs' cause of action herein."

We find no material error in the record, and the judgment is affirmed.